STATE OF DELAWARE, Use of Clement A. Davidson, *vs.* JOHN FRICK, Constable, *et al.*

*Action on Constable's Bond—Chattels bound by Chattel Mortgage; Also by Distress for Rent—Sold on the Distraint—Proceeds Applied to Rent—Demurrer to Declaration; Sustained— Stare Decisis·*

Chattels born by a chattel Mortgage were moved to the farm of A. B. by the mortgagor, the tenant of said farm, and subsequently distrained by A. B. for rent. They were sold by the Constable under the distrain, and the proceeds applied to the landlord's claim for rent. *Held* that such application of the proceeds was proper and legal, under the rnling made by the Court in the case of *Ford vs. Cleuell*, 9 *Hous.* 179.

*(March 2, 1907.)*

LORE, C. J., and PENNEWILL, J., sitting.

*Walter L. Willis* for plaintiff.

*Levin Irving Handy* for defendants.

Superior Court, New Castle County, February Term, 1907.

ACTION ON A CONSTABLE'S BOND No. 169, May Term, 1905).

Demurrer to declaration.

See facts in contentions of counsel for defendants.

DEFENDANT'S CONTENTIONS ON DEMURRER.

*Levin Irving Handy for defendanti:* This is an action on a constable's bond. It is alleged that the chattels were under lien of a chattel mortgage; were afterwards moved on Kyle's farm by mortgagor, the tenant; were subsequently taken by Kyle in distress for rent and were sold by the constable under said distraint. The complaint is that constable applied the proceeds of said sale to the rent instead of to the chattel mortgage.

In *Ford vs. Clewell*, 9 *Houst.*, 179, it was decided that when chattels under lien of chattel mortgage were subsequently moved on demised premises and then while still on said premises, sold on execution process following *scire facias* on said chattel mort-

gage, the lien of the landlord for rent was superior to the lien of the chattel mortgage. The landlord was given one year's rent out of the proceeds of sale, under *Section* 60, *Chapter* 120, *Laws of Delaware* (*Revised Code*, 874). The case at bar is much stronger in that the chattels were sold by the landlord in distraint for rent under circumstances which made them liable for rent, even if the mortgagee had owned the chattels absolutely instead of merely holding a mortgage lien upon them. The doctrine of *stare decisis* should control the case at bar, since the above cited case in 9 *Houston* has stood for many years for the guidance of constables.

In *Shuster vs. Robinson*, 3 *Harrington*, 50, it was decided that when goods are moved on the premises after execution delivered to the sheriff, but before actual levy they are subject to rent in preference to the execution. An execution is a lien on goods and chattels from the moment it is delivered to the sheriff for execution, but it is not a prior lien to rent if the goods and chattels are moved upon the demised premises before they are taken in actual execution. The lien of a chattel mortgage is not superior to the lien of an execution in the sheriff's hands before levy thereunder. If *scire facias* has been sued out on chattel mortgage, judgment obtained and the goods seized under process thereunder before they are moved on demised premises then the lien might come ahead of rent; but not otherwise.

It is contended that a consideration of the following sections of Chapter 120, Laws of Delaware, to wit, Sections 22, 39, 40, 41 and 60 (*Revised Code*, 869, 871, 872 and 874) will show that the proceeds of the constable's sale in the case at bar were properly applicable to the rent, and that therefore the demurrer should be sustained.

*Walter J. Willis*, for plaintiff, in opposition to the demurrer made the following contentions:

In case of a sale of goods under execution process, where the levy is made on the goods before the goods are taken on the leased premises by the lessee, the proceeds arising from such

sale would be applied to the execution in preference to the landlord's claim for rent.

     *Rev, Code* 872, *Sec.* 41; *Ibid* 874, *Sec.* 60.

Sanctioned by the Court in cases of *Shuster vs. Robinson*, 3 *Harr.* 50, and *Ford vs. Clewell*, 9 *Houst.* 180.

In case of a sale of goods under execution process where there is a prior chattel mortgage lien, the proceeds of the sale must be applied first to satisfaction of the chattel mortgage.

     *Isaacs vs. Messick*, 1 *Marvel* 259.

In case of a sale of goods under foreclosure proceedings of a chattel mortgage, which was placed on the goods before the goods were taken on the leased premises, the proceds of the sale would be applied to rent in preference to the chattel mortgage lien.

     *Ford vs. Clewell*, 9 *Houst.* 180.

From the following we have this conclusion: In case of sale of goods under execution process (the levy being made before goods taken on leased premises) the levy has priority over rent.

     *Rev. Code* 872, *Sec.* 41; 874, *Sec.* 60; 3 *Harr.* 50; 9 *Houst.* 180.

But in case there should be a chattel mortgage lien on the goods prior to the execution, then in case of a sale as above stated the proceeds would be applied to the chattel mortgage.

     *Isaacs vs. Messick*, 1 *Marvel* 259.

But in case the sale should be made under the foreclosure proceedings of a chattel mortgage, the money must, in that case, be applied to the rent in preference to the mortgage and execution.

     *Ford vs. Clewell.* 9 *Houst.* 180.

Lore, C. J.:—The case of *Ford vs. Clewell*, 9 *Houst.* 179, seems to control this case. We therefore sustain the demurrer.

                           Demurrer sustained.